TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00252-CR






Michael Joseph Prater, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT

NO. 5022, HONORABLE BEN WOODWARD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant Michael Joseph Prater appeals his conviction for aggravated sexual assault
of a child under the age of fourteen years. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) (West
2003). The jury found appellant guilty of the single count of the indictment and assessed 
punishment at thirty years' imprisonment. On appeal, appellant urges in two points of error that the
evidence is legally and factually insufficient to show that he committed aggravated sexual assault
of a child, his adopted daughter. Because we find the evidence legally and factually sufficient, we
affirm the conviction.


BACKGROUND

 The complainant, T.P., testified at the February 2002 trial that she was born in 1983
and was eighteen years of age at the time of trial. She testified that appellant, her father, had touched
her inappropriately "my whole life" and that "[i]t happened all the time." The act that formed the
basis of the indictment occurred in approximately 1992 when T.P. was seven or eight years of age
and lived with her mother and father in the town of Crews, near Ballinger in Runnels County. T.P.
testified that appellant touched her while she was on her parents' bed and her mother was making
breakfast. She recounted that he touched and penetrated her vagina with his finger, and that he
would "rub on me and he would take my hand and touch on him and ejaculate him."

 When her parents separated in 1989 and then divorced in 1992, T. P. continued to live
with her mother but would visit appellant. According to T.P., the inappropriate touching continued
during her visitation with her father. In May 2000, when T.P. turned seventeen years of age, she
asked to live with appellant, who later became her managing conservator. In December, T.P. and
appellant had a dispute. For the first time, the complainant reported appellant's conduct to her
mother.

 T.P. and her mother then reported appellant's conduct to the police, who interviewed
appellant when he agreed to take a polygraph test. During the interview, appellant denied any
conduct in Runnels County, but admitted to digitally penetrating the complainant's vagina in the
summer of 2000 when she approached him with a sexual question. He also admitted to "accidental
touching" on a couple of other occasions. Appellant was subsequently indicted and convicted of
aggravated sexual assault of a child. The jury assessed his punishment at thirty years in prison.


ANALYSIS

 Arguing that "it is obvious" that the complainant has no independent memory of any
specific event, appellant urges on appeal that complainant's confused and generalized testimony is
insufficient to sustain his conviction, and that the jury was inundated with evidence of extraneous
offenses. Thus, appellant contends that the testimony of the complainant is legally and factually
insufficient.

 The standard for reviewing the legal sufficiency of the evidence is whether, viewing
the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have
found beyond a reasonable doubt all the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Lane
v. State, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996). All the evidence that the jury was permitted
to consider properly or improperly must be taken into account in determining the legal sufficiency
of the evidence. Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); Johnson v. State,
871 S.W.2d 183, 186 (Tex. Crim. App. 1993). On appeal, we do not reevaluate the credibility of the
witnesses or realign, disregard, or weigh the evidence. Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992).

 To determine factual sufficiency, we view the evidence in a neutral light and set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Johnson, 23 S.W.3d at 7. We must review the evidence weighed by the jury tending to
prove the existence of the elemental fact in dispute, and compare it to the evidence tending to
disprove that fact. Id. The appellate court may find either that the State's proof of guilt was so
obviously weak as to undermine confidence in the jury's determination, or that the finding of guilt
was against the great weight and preponderance of the evidence. Id. at 11. When the defendant
proffers contrary evidence, we consider whether the proof of guilt, although adequate if taken alone,
is greatly outweighed by the defendant's evidence. Id. We may disagree with the jury's decision,
even if probative evidence exists that supports the verdict. Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996). However, a factual sufficiency review must be appropriately deferential
to avoid substituting our judgment for that of the jury. Id. at 648. We are not free to reweigh the
evidence, but must exercise our jurisdiction only to prevent a manifestly unjust result. Id.

 To prove appellant committed aggravated sexual assault of a child, the State was
required to prove that appellant (i) intentionally or knowingly (ii) caused the penetration of the
female sexual organ by any means, and (iii) the victim is younger than fourteen years of age. See
Tex. Pen. Code Ann. § 22.021 (West 2003). The indictment alleged that the penetration occurred
by appellant placing his finger in T.P.'s female sexual organ on or about September 1, 1992.

 In this case, T.P. described specific as well as general incidents that occurred
beginning when she was seven or eight years old. She recounted the specific incident that is the
subject of the indictment that occurred in September 1992. She testified specifically that appellant's
finger penetrated her female sexual organ. Appellant testified and did not deny that the incident
occurred, but disputed the time, place, and circumstances.

 Jerry Watkins, a reserve deputy sheriff with the Tom Green County Sheriff's
Department, also testified. Watkins testified that he had been a police officer with the San Angelo
Police Department prior to his retirement in January 1997. Watkins recounted the substance of his
interview with appellant, who admitted to sexual contact with T.P.:


He said that these things had occurred, that mostly it was when he had given her a
bath and he was drying her off with a towel, that he would sometimes touch her
genitals and things, or he would put his penis between her legs and rub it back and
forth some, but it was just those things like that and she was so young it didn't bother
anything.



Appellant also told Watkins that the incidents had occurred when he was in the military and the
family was living in Nebraska. Watkins also testified that appellant told him that when T.P. lived
with him, they "would frequently go around in the house together nude," a practice "he went along"
with because "she started it." Appellant also admitted to Watkins that he had digitally penetrated
the complainant's vagina, but that the incident had occurred sometime in the year 2000.

 Appellant testified that he was employed by the post office and had been in the Air
Force for twenty years. On direct examination, he admitted to digitally penetrating the complainant's
vagina in the summer of 2000. He testified that she was living with him and approached him with
a question about sex. They were discussing her education and then dating and boyfriends "and one
thing lead [sic] to another." Appellant then testified that T.P. suggested that he explain his answer
to the question by demonstrating on her. He then inserted his finger into her vagina. Appellant
testified that he did not perform the act with the "intent to arouse or gratify" himself:


But my child asked me a question and I had no way of knowing what the mother had
told her or had not told her or where she was in her sex life because she was living
with somebody in--in Coleman. She had left her mother and begged me to take her
into her--into the house. She begged me . . . to let her live with me so that she
would not have to return to her mother.



Appellant's testimony on direct examination continued:


 [DEFENSE COUNSEL] So at this time in the summer of 2000, did you feel that
you were helping your daughter out?


 [APPELLANT] Yes, sir, I did.


 [DEFENSE COUNSEL] Prior to the summer of 2000 have you ever touched her
vaginal area with your hand?


 [APPELLANT] Yes, sir, I can say I did.


 [DEFENSE COUNSEL] Could you tell the jury the circumstances by which you
would have touched her vaginal area with your hand?


 [APPELLANT] Okay. Well, the--prior to that summer when she was
first coming up, she would take a bath and ask me to
put lotion--help her put lotion on, and I would do that
because she had asked me to. But it may have
brushed--it may have been a brush or close to, but, I
mean, there was no intent or anything like that.



Appellant then recounted other incidents in which he had accidentally touched T.P.'s genitals. 
Although appellant denied the act alleged in the indictment, he explained: "[w]hen she would come
in, I'd lay on the bed--[my wife] would be in the bed next to me, and I would reach down and I'd
rub her tummy, you know, just to--father-daughter bonding. That's the only way I looked at it."

 Appellant does not contend that the State has failed to adduce proof as to each
element of the offense; rather, he contends the evidence was insufficient because of the generality
of the complainant's testimony and her lack of credibility. The evidence is legally sufficient so long
as the evidence provides the requisite proof needed to satisfy the elements of the offense charged. 
Even when the victim is a child, the victim's testimony alone may be sufficient to support a
conviction for sexual assault. Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.--Houston [14th Dist.]
2002, pet. stricken).

 Because the evidence was sufficient for a jury to have found beyond a reasonable
doubt all of the essential elements of the offense charged, we overrule appellant's first point of error.

 By his second point of error, appellant argues that the evidence was factually
insufficient for the same reasons set forth in his challenge to the legal sufficiency. He contends that
the evidence is insufficient because the conduct allegedly happened over nine years ago and the
allegation was supported only by general testimony. Because appellant testified, we examine the
record to determine whether the evidence supporting the finding of guilt is so greatly outweighed by
the defendant's evidence to the extent that the verdict is clearly wrong and manifestly unjust. See
Johnson, 23 S.W.3d at 11.

 That the complainant's testimony was at times general in nature does not vitiate the
sufficiency of the evidence. The complainant admitted that she was not clear on the dates of the
occurrences. But she testified that the events occurred over a ten-year period, that the sexual contact
happened "a lot," "often," "my whole life," and became a part of her relationship with her father. 
Appellant's former wife, T.P.'s mother, testified to the divorce, the modification of the custody
order, and to the complainant's outcry in December 2000. She also described the complainant's
rebellious conduct and abuse of drugs.

 The appellant did not deny engaging in behavior similar to that described by the
complainant. Far from outweighing the evidence supporting the finding of guilt, a jury could have
found that appellant's evidence corroborated the complainant's testimony, disputing only the element
of intent and the venue and date of the alleged offense. The undisputed evidence showed that the
conduct itself occurred. After reviewing all of the evidence in a neutral light, we cannot conclude
that the State's evidence, although adequate if taken alone, is so greatly outweighed by the
defendant's evidence, so as to render the verdict clearly wrong and manifestly unjust. See id. We
therefore conclude that the evidence was factually sufficient to support the jury's verdict.

 We overrule appellant's second point of error.


CONCLUSION

 Finding that the evidence is legally and factually sufficient, we affirm the judgment
of the district court.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: April 3, 2003

Do Not Publish